[ECF No. 43]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ROGER GRIECO, <br><br> Plaintiff, <br><br> v. <br><br> PHILADELPHIA SIGN CO. et al., <br><br> Defendants. | Civil No. 24-10969 (KMW/SAK) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Roger Grieco's motion to amend [ECF No. 43]. The Court received the opposition of Defendants Philadelphia Sign Co. d/b/a PSCO Sign Group ("PSCO"), Philadelphia Sign Co. Health Plan, and Robert Mehmet (collectively, "Defendants") [ECF No. 51], and Plaintiff's reply [ECF No. 52]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons that follow, Plaintiff's motion is **DENIED**.

**I.     BACKGROUND**

Plaintiff filed this action against Defendants on December 6, 2024, asserting, *inter alia*, claims of disability discrimination under state and federal law. Compl. ¶¶ 78–102, ECF No. 1. On January 23, 2025, Defendants filed an answer. ECF No. 9. On January 27, 2025, Defendants filed a corporate disclosure statement identifying PSCO's parent company as PSCO Global Group, Inc. *See* ECF No. 12. On February 18, 2025, the Court conducted the initial conference and issued a scheduling order. *See* ECF No. 18. This order prescribed, *inter alia*, that the deadline to add parties or amend the pleadings would expire on June 2, 2025. *See id.* ¶ 6.

Minutes after midnight on June 3, 2025, Plaintiff filed what he purported to be a motion to amend. *See* ECF No. 42. In actuality, the filing was a two-page notice of his contemplated motion. Later that same morning, at approximately 5:30 a.m., Plaintiff filed another motion to amend. *See* ECF No. 43. This filing, however, simply consisted of an amended two-page notice of motion and a brief in support of the contemplated motion. Moments later, at approximately 5:48 a.m., Plaintiff filed his third motion to amend. *See* ECF No. 44. Unlike his first two motions, this filing was a four-page declaration of counsel that failed to include the exhibits referenced therein.[1] Notably, the declaration was not refiled with the supporting exhibits until the afternoon of June 4, 2025. *See* ECF No. 45-1. These exhibits include, *inter alia*, the two required copies of the proposed amended pleading pursuant to Local Civil Rule 15.1(a). *See id.* Exs. A (clean), B (marked up).

Plaintiff seeks leave to add Defendant PSCO's parent company, PSCO Global Group, Inc., as a defendant. *See* Pl.'s Br. at 1, ECF No. 43-1. Plaintiff also seeks leave to add a claim for age discrimination pursuant to the New Jersey Law Against Discrimination. *See id.* In addition, Plaintiff seeks to incorporate other edits both related and unrelated to the proposed new party and new claim. *See id.* at 12. Plaintiff acknowledges the untimeliness of his motion. *See id.* at 14.[2] Despite this, he relies almost entirely on Federal Rule of Civil Procedure 15(a) to argue the motion should be granted. *See id.* at 5–13. As to the proposed party, Plaintiff concedes that he was aware of PSCO's January 27, 2025 disclosure identifying its parent company but argues it would have been premature to seek to amend at the time. *See id.* at 8. Plaintiff contends, however, that, on March 31, 2025, PSCO produced a document that reflects the financial information of its parent

---

[1] On June 3, 2025, the Clerk's Office issued a Quality Control Message terminating the first and third motions and advising counsel of, *inter alia*, the missing exhibits of the declaration.

[2] The Court notes that Plaintiff's brief includes two pages identified as page fourteen (14). *See* ECF No. 43-1, at 5, 19. To avoid confusion, any reference to page fourteen (14) herein shall refer to the latter, which is followed by page fifteen (15), the final page of Plaintiff's brief.

2

company. *See id.* at 8–9. Plaintiff does not explain the relevance of this information or how it otherwise necessitates adding the parent company as a party. Instead, Plaintiff merely argues that "Defendants have made [its] purported financial information subject to discovery and cannot claim surprise or undue prejudice if [it] is added as a defendant." *Id.* As to the proposed claim, Plaintiff contends that he did not assert an age discrimination claim at the outset of the case because his "disability and the . . . disclosure . . . of the need for triple bypass surgery . . . were what triggered [his] employment termination." *Id.* at 10. Nevertheless, Plaintiff contends discovery has revealed that he "was replaced, at least in part, by . . . a substantially younger employee." *Id.* Insofar as the motion was not timely filed, Plaintiff asserts that he has shown good cause under Rule 6(b)(1)(B) and, therefore, his motion should be granted. *See id.* at 14–15.

Defendants oppose the motion. *See* Defs.' Opp'n. They assert that "there is no question" Plaintiff's motion is untimely. *Id.* at 9. Defendants further assert that he "fails to provide any basis for why his" motion was not filed sooner. *Id.* at 11. They contend that "Plaintiff was keenly aware of the putative age discrimination claim" prior to the deadline. *Id.* at 10. Defendants note that he filed a Charge with the Equal Employment Opportunity Commission ("EEOC") against PSCO on October 16, 2024, alleging "he was discriminated against on the basis of his purported disability and his age." *Id.* at 1. Despite his own allegations in October 2024, and his receipt of Defendants' discovery responses in March 2025, "Plaintiff failed to amend his Complaint to add any claim of age discrimination within the deadline." *Id.* at 2. Likewise, Defendants argue that Plaintiff fails to account for his failure to add PSCO's parent company as a party, despite having knowledge of it since at least January 2025. *See id.* at 12. Defendants further argue that they will suffer prejudice if the untimely motion is granted. *See id.* at 14. Accordingly, Defendants maintain that Plaintiff's motion must be denied.

In reply, Plaintiff argues, in part—and for the first time—that he satisfies the "good cause" standard of Rule 16. *See* Pl.'s Reply, ECF No. 52-2. The Court, however, need not consider this new argument because it patently exceeds the permissible scope of argument on reply. *See, e.g., Bayer AG v. Schein Pharm., Inc.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (citation omitted) ("It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted."). Since the remaining portions of Plaintiff's reply are either repetitive or immaterial to the disposition of his motion, the Court will forgo rehashing them in the interests of brevity.

## II.  DISCUSSION

### A. Legal Standard

The threshold issue in resolving a motion to amend is determining whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure. Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16 on the other hand provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

Unlike the liberal standard of Rule 15(a)(2), "and its focus on the question of prejudice to the non-moving party, Rule 16(b)(4) focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010); *accord Premier*

4

*Comp Sols., LLC*, 970 F.3d at 318–19.  In assessing diligence, the Court asks whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Arzadi v. Evanston Ins. Co.*, No. 17-5470, 2021 WL 1712527, at *2 (D.N.J. Apr. 29, 2021) (citation omitted).  "Good cause" to amend a scheduling order may be found where "the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline." *In re: Paulsboro Derailment Cases*, No. 13-0784, 2015 WL 6163962, at *1 (D.N.J. Oct. 20, 2015) (alteration in original) (citation omitted).  "Nevertheless, courts regularly find that the standard is not satisfied when a party was aware of the facts that would lead it to amend and failed to act on it." *Roggio v. F.B.I.*, No. 08-4991, 2011 WL 3625042, at *5 (D.N.J. Aug. 17, 2011) (collecting cases).

### B. Analysis

Here, the Court finds that Plaintiff's motion must be denied because he fails to satisfy the good cause standard of Rule 16(b)(4).  At the outset, the Court should note that Plaintiff's motion makes no mention of Rule 16.  Instead, Plaintiff mistakenly relies upon Rules 15(a) and 6(b)(1)(B), despite their inapplicability. *See* Pl.'s Br. at 14–15.[3]  As such, the Court finds that Plaintiff forfeited any argument he could have raised under Rule 16. *See Premier Comp Sols., LLC*, 970 F.3d at 319 (citations omitted) (holding that the district court was not required to consider the plaintiff's attempt to address Rule 16(b)(4) on reply because it forfeited the argument by failing to first raise it in its motion).  For this sole reason, the motion will be denied.

---

[3] The Court should also note that the two cases cited with respect to Rule 6 are either entirely out of context or predate the Third Circuit's holding in *Premier Comp Solutions, LLC v. UPMC*. 970 F.3d at 319. *See Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988) (applying Rule 6 in the context of extending time for service of process); *see also Ruiz v. N.J. Dep't of Corr.*, No. 15-3304, 2017 WL 3161685 (D.N.J. July 25, 2017) (applying Rule 6(b)(1)(B) and Rule 15(a) in granting the plaintiff's motion to amend in a pre-*Premier Comp Solutions* setting).

Although the untimeliness of Plaintiff's motion is not in dispute, the Court finds it prudent to address any attempts to obscure the precise date on which it was filed. Plaintiff asserts that the motion was filed just several hours past the deadline. *See, e.g.*, Pl.'s Br. at 14 ("Plaintiff is filing the motion hours—not multiple days, weeks or months past the deadline."); *see also* Pl.'s Reply at 1 (alleging it "was served six hours late"). Upon a review of the four filings, the Court concludes the motion was not truly filed until the afternoon of June 4, 2025. This is the date on which all requisite papers were filed pursuant to Local Civil Rules 7.1(d) and 15.1(a), *i.e.*, the notice, brief, proposed order, proof of service, and two copies of the proposed amended pleading. As noted, *supra*, the docket reflects three separate motions filed by Plaintiff at various times on June 3, 2025. *See* ECF Nos. 42, 43, 44. These filings consist of a notice of motion, an amended notice and brief, and a declaration of counsel without attachments, respectively. In response to the three incomplete filings, the Clerk's Office terminated two of the motions and advised counsel that a motion and all supporting documents should be filed under one entry. *See supra* note 1. Notably, this occurred at around 10:30 a.m. on June 3, 2025. The contents of Plaintiff's motion, however, were not filed until about 2:00 p.m. on June 4, 2025. *See* ECF No. 45. In light of these procedural peculiarities, the motion is reflected on the docket as being filed on June 3, 2025. *See* ECF No. 43. Nevertheless, the Court finds the motion was not complete, and therefore not filed, until June 4, 2025.

Nevertheless, the Court will expound upon why the motion would still fail even if Rule 16 had been properly briefed. Given the facts of the case, Rule 16(b)(4)'s good cause standard would have been an insuperable burden to meet. As to the proposed party, Plaintiff has been aware of PSCO's parent company since at least January 27, 2025. Moreover, the discovery that purportedly precipitated the request to add it as a party was received by Plaintiff sixty-three (63) days prior to the June 2, 2025 deadline. Plaintiff fails to account for why he could not timely file the motion or

otherwise request an extension. Plaintiff's proposed claim fares far worse. Plaintiff included an allegation of age discrimination in his Charge filed with the EEOC in October 2024. Despite this, Plaintiff did not assert a similar claim upon filing this action. In fact, the absence of a claim of age discrimination was a dispositive subject of a discovery application of Plaintiff. On April 15, 2025, the Court denied Plaintiff's request to include the terms "age" and "older" in the parties' ESI Chart because he did not assert a claim of age discrimination, and therefore, the terms were not relevant. *See* ECF No. 36, ¶ 1. In sum, the Court finds that it is without question that Plaintiff possessed the information necessary to file his motion well prior to the June 2, 2025 deadline set by the Court. If the Court were to permit Plaintiff to proceed with his proposed amendment despite all of the aforementioned deficiencies, "it would render the scheduling order meaningless." *Roggio*, 2011 WL 3625042, at *6 (citation omitted). Therefore, the Court denies the motion in its entirety.

### III. CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **28th** day of **August**, **2025**, that Plaintiff's motion to amend [ECF No. 43] is **DENIED.**

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.